**The below described is SIGNED.**



**Dated: April 21, 2009** _____
                                       **JUDITH A. BOULDEN**
                                       **U.S. Bankruptcy Judge**
_____

~~Danny C. Kelly (Utah State Bar. No. 1788)~~
Utah Counsel for Debtors and Debtors in Possession
STOEL RIVES LLP
201 S. Main Street, #1100
Salt Lake City, UT 84111
Telephone: (801) 578-6979/Fax: (801) 578-6999
DCKelly@stoel.com

Ralph R. Mabey (Utah State Bar No. 2036)
K. John Shaffer (Cal. State Bar No. 152729)
Eve H. Karasik (Cal State Bar. No. 155356)
Reorganization Counsel for Debtors and Debtors in Possession
STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600/Fax: (310) 228-5788
RMabey@stutman.com;
JShaffer@stutman.com;
EKarasik@stutman.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>UTAH 7000, L.L.C., et al.,<br><br>           Debtors.<br><br>Address: 8758 N. Promontory Ranch Road<br>              Park City, UT 84098<br><br>Tax ID Numbers: 47-0920837, 75-3148710, 86-0986819, 86-0991146, 86-1023965, and 47-0920840 | Case No. 08-21869<br><br>Jointly Administered with Case Nos. 08-21870, 08-21872, 08-22075, 08-22077 and 08-27712<br><br>Chapter 11<br><br>Hearing Date/Time/Location:<br>April 17, 2009, 9:00 a.m.<br>Courtroom 341<br>Frank E. Moss U.S. Courthouse<br>350 South Main Street, 3rd Floor<br>Salt Lake City, Utah |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING AMENDED MOTION FOR ORDER APPROVING (1) DEBTORS' SELECTION OF BID OF PIVOTAL 7000, LLC AS THE HIGHEST AND BEST SALE QUALIFYING BID FOR THE PURCHASE OF THE MEMBERSHIP INTERESTS IN REORGANIZED DEBTORS, AND INDIRECTLY THE SALE ASSETS; AND (2) CONSUMMATION OF THE SALE TRANSACTION WITH PIVOTAL 7000, LLC PURSUANT TO THE ASSET PURCHASE AGREEMENT SUBMITTED THEREBY AND THE CONFIRMED PLAN OF REORGANIZATION**

On April 15, 2009, the above-captioned Debtors submitted the "Amended Motion for Order Approving (1) Debtors' Selection of Bid of Pivotal 7000, LLC As The Highest And Best Sale Qualifying Bid For The Purchase Of The Membership Interests in Reorganized Debtors, and Indirectly the Sale Assets; and (2) Consummation Of The Sale Transaction With Pivotal 7000 7000, LLC Pursuant To The Asset Purchase Agreement Submitted Thereby And The Confirmed Plan Of Reorganization" [Docket No. 1756] ("Motion"). As detailed in the Motion, pursuant to this Court's "Order Granting Further Revised Motion for Order (A) Approving Bidding and Sale Procedures in Connection with Sale of Debtors' Assets Pursuant to Debtors' and First Lien Agents' Chapter 11 Plan of Reorganization; (B) Approving the Form and Manner of Notice of the Sale; and (C) Granting Related Relief" [Docket No. 1594], dated February 9, 2009 ("Sale Procedures Order")[1], and this Court's "Order Confirming Fourth Amended Joint Chapter 11 Plan of Reorganization (dated February 9, 2009) as Supplemented

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed thereto in the Sale Procedures Order and "Debtors' Revised Motion for Order (A) Approving Bidding and Sale Procedures in Connection with Sale of Debtors' Assets Pursuant to Their Chapter 11 Plan; (B) Approving the Form and Manner of Notice of the Sale; and (C) Granting Related Relief" [Docket No. 1440], which was subsequently supplemented and revised pursuant to the "Supplement to Revised Motion for Order (A) Approving Bidding and Sale Procedures in Connection with Sale of Debtors' Assets Pursuant to Debtors' and First Lien Agents' Chapter 11 Plan of Reorganization; (B) Approving the Form and Manner of Notice of the Sale; and (C) Granting Related Relief" [Docket No. 1544] (the foregoing shall together be referred to as the "Motion").

2

and as Modified" [Docket No. 1706], dated March 13, 2009 ("Confirmation Order" and "Plan"), the Debtors selected the bid of Pivotal 7000, LLC ("Pivotal 7000" or "Buyer") ("Pivotal 7000 Bid"), pursuant to the APA submitted by Pivotal 7000, LLC (as modified on the record at the Sale Hearing) ("Buyer APA"), as the highest and best Sale Qualifying Bid for the New Parent Membership Interests (as defined below), and indirectly for the New Subsidiary Membership Interests (as defined below) and Sale Assets. In accordance with the terms of the Sale Procedures Order and the Plan, the Debtors sought approval of the relief requested in the Motion at a hearing held before the Honorable Judith A. Boulden on April 17, 2009, at 9:00 a.m. ("Sale Hearing"). Appearances were made as noted in the record of the Sale Hearing.

Having read and considered the Motion, the arguments and representations made at the Sale Hearing, and having considered the other matters submitted to the Court in connection with the approval of the Sale, and good cause appearing,

**FINDINGS OF FACT**

A. On February 9, 2009, the Court entered its Sale Procedures Order.

B. The Debtors provided the Sale Notice [Docket No. 1598] to the parties required by and in accordance with the terms and conditions of the Sale Procedures Order and as reflected in the Certificates of Service filed with this Court on February 10, 2009 [Docket Nos. 1599 and 1600].

C. Good and sufficient notice of: (1) the hearing held on February 9, 2009 with respect to the Debtors' request for entry of the Sale Procedures Order; (2) the entry of the Sale Procedures Order; (3) the hearing held on March 12, 2009 with respect to the confirmation of the Plan; (4) the entry of the Confirmation Order; and (5) the Sale Hearing, has been given so as to provide such creditors and parties in interest with such notice and such opportunity for hearing as is appropriate under the facts and circumstances of this bankruptcy case within the

3

meaning of section 102(1) of the Bankruptcy Code, and no additional or further notice is required.  Further, good and sufficient notice of the non-material modifications to the Plan to implement the Buyer APA described below has been given through notice to the Committee and the parties entitled to receive notice of Bids under the Sale Procedures Order, and such notice likewise constitutes sufficient and appropriate notice and opportunity for hearing under the facts and circumstances of these bankruptcy cases within the meaning of section 102(1) of the Bankruptcy Code, and no additional or further notice is required.

        D.      The Debtor marketed the Sale Assets as proffered in the testimony of Greg Vogel and Karl Polen, and in good faith, and in accordance with the terms and requirements of the Sale Procedures Order, Sale Procedures, and the Confirmation Order.

        E.      On April 13, 2009, the Plan Proponents received Bids from two parties – Pivotal 7000 and Credit Suisse Cayman Islands Branch in its capacity as First Lien Agent for the First Lien Lenders ("Credit Suisse").  The Plan Proponents analyzed both of the Bids.  The Debtors believe, and the First Lien Agent disputes, that the only Sale Qualifying Bid was the Bid submitted by Pivotal 7000.

        F.      In light of the fact that the Debtors did not believe that more than one Sale Qualifying Bid was received, the Debtors did not believe the Sale Procedures required that an Auction be held.  The First Lien Agent disagreed and so, with a full reservation of rights with respect thereto, the Debtors agreed to the holding of an Auction.

        G.      On April 15, 2009, at 10:00 a.m. Mountain Time, the Auction was commenced at the offices of Stoel Rives LLP in Salt Lake City, Utah.  Both of the parties that submitted Bids were present and given an opportunity to participate in and comment upon the Auction.  At the conclusion of the Auction, the Debtors, in consultation with the Committee, selected the bid of Pivotal 7000 as the Successful Bid.  While Credit Suisse lodged an objection to the Pivotal 7000 bid at the Auction, Credit Suisse did not file objections to the

4

Motion, but also did not support the Motion or the Pivotal 7000 bid either as a Plan Proponent or in its capacity as the First Lien Agent.

H. Based on representations made at the hearing by counsel for the Debtors and the Committee, the Debtors, in consultation with the Committee, have exercised sound and considered business judgment in deciding, and based upon such representations and proffered testimony, the Court finds that it is in the best interests of the Debtors' estate: (1) to consummate the Sale to the Buyer in accordance with the Buyer APA; and (2) to assume and assign to the Reorganized Debtors (and thereby indirectly to the Buyer) the Assumed Obligations, the final list of which is attached to the "Order Granting Amended Motion for Order Approving (1) Debtors' Selection of Bid of Pivotal 7000, LLC as the Highest and Best Sale Qualifying Bid for the Purchase of the Membership Interests in Certain Reorganized Debtors, and Indirectly the Membership Interests in Subsidiary Reorganized Debtors and the Sale Assets; and (2) Consummation of the Sale Transaction without Pivotal 7000, LLC Pursuant to the Asset Purchase Agreement Submitted Thereby and the Confirmed Plan of Reorganization" as Exhibit "A" (the "Assumed Obligations List").

I. Based on representations made at the hearing by counsel for the Debtors and the Committee, the Debtors, in consultation with the Committee, exercised their sound business judgment when determining that the Pivotal 7000 Bid represents the highest and best Sale Qualifying Bid.

J. The Pivotal 7000 Bid and all exhibits thereto fully complied with all of the requirements set forth in the Sale Procedures and the Plan. The Buyer APA, including the sale to Buyer of the New Membership Interests in Reorganized Debtors Utah 7000, L.L.C. ("Utah 7000"), Utah 7000 Development, L.L.C. ("Development") and Utah 7000 Capital, L.L.C. ("Capital") (collectively, "New Parent Membership Interests"), and indirectly through such sale to sell the New Membership Interests in Reorganized Debtors Pivotal Promontory TRC, L.L.C.

5

485945v1

("TRC"), Utah 7000 Cabins, L.L.C. ("Cabins") and Utah 7000 Realty, L.L.C. ("Realty") (collectively, "New Subsidiary Membership Interests") and Sale Assets and the assumption and assignment of the Assumed Obligations by the Debtors to the Buyer are approved and authorized under the Bankruptcy Code, including Sections 105, 363, 365 and 1123 of the Bankruptcy Code.

K.  In connection with the Pivotal 7000 Bid, Pivotal 7000 submitted sufficient and satisfactory written evidence that Pivotal 7000 has the financial wherewithal to close the Sale, to fund the ongoing operations and construction of the project and the Promontory Club, and to satisfy or cause the Reorganized Debtors to satisfy the Assumed Obligations when such obligations become due for the purpose of demonstrating feasibility (as required by Bankruptcy Code section 1129(a)(11)), adequate assurance of future performance with respect to the Assumed Obligations (as required by section 365) and the Other Secured Claims that will be satisfied over time under the Plan, and compliance with the Sale Procedures Order.

L.  The Assumed Obligations List sets forth all costs, if any, that are required pursuant to sections 365(b)(1)(A) and 365(b)(1)(B) of the Bankruptcy Code for the Debtors to assume and assign each Assumed Obligation (the "Cure Costs"), and other than as set forth in the Assumed Obligations List, no other Cure Costs are due and no Cure Costs need be satisfied in order for the Debtors to assume, and assign to the Reorganized Debtors and thus indirectly the Buyer, the Assumed Obligations.

M.  The evidence on record regarding the ability of the Buyer to make or cause the Reorganized Debtors to make the Required Plan Payments and to fund the operating expenses and infrastructure costs on a going forward basis is sufficient evidence of adequate assurance of future performance by the Buyer with respect to the Assumed Obligations, as required pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code, and with respect to the Other Secured Obligations, as required pursuant to the Sale Procedures Order.

6

485945v1

N.      Effective as of the Closing, the Debtors' bankruptcy estates shall be relieved pursuant to Section 365(k) of the Bankruptcy Code from any liability for any obligations under and with respect to the Assumed Obligations.

O.      The Buyer APA was proposed by the Buyer under the same procedures available to all Bidders and is entered into in good faith between the Buyer and the Debtors after review and approval by the Court, each with representation by independent counsel, and is in good faith within the meaning of section 363(m) of the Bankruptcy Code. There was no evidence of collusion or fraud raised or admitted in connection with the Pivotal Bid, the Buyer APA or the Sale. The Debtors and Buyer are entitled to the protections of Bankruptcy Code section 363(m).

P.      Section 9.1 of the Buyer APA was clarified on the record at the Sale Hearing to reflect that the terms of employment to be offered to the persons listed on Exhibit B thereto is as set forth in the Plan (section 6.6) as amended and as confirmed in the Confirmation Order.

Q.      The purchase price offered by the Buyer as the Successful Bidder constitutes the highest and best offer for the New Membership Interests and Sale Assets received by the Debtors, and the proffered testimony of Greg Vogel was that potential bidders were unwilling to pay a purchase price greater than the outstanding amount of the debtor in possession financing.

R.      The Buyer APA, including the sale of the New Parent Membership Interests, and indirectly the transfer of the New Subsidiary Membership Interests and Sale Assets and the assumption and assignment of the Assumed Obligations by the Debtors to the Buyer are approved and authorized under the Bankruptcy Code, including Sections 105, 363, 365 and 1123 of the Bankruptcy Code.

S.      In accordance with the Buyer APA and Plan section 6.16.4, the Plan shall be deemed modified in the following ways:

7

485945v1

1. Pivotal 7000 shall be deemed NewCo for purposes of the rights and obligations of NewCo under the Plan.

2. Pivotal 7000's LLC Operating Agreement constitutes the NewCo Bylaws for purposes of the Plan, and supersedes the term sheet for NewCo attached as Exhibit A to the Plan Supplement filed on March 3, 2009 [DE 1664] ("Plan Supplement") and the Amended Plan Supplement filed on March 4, 2009 [DE 1668].

3. Pivotal 7000's Articles of Organization constitute the NewCo Certificate of Incorporation or Certificate of Formation for purposes of the Plan, and supersedes the form of certificate for NewCo attached as Exhibit B to the Plan Supplement. The member interest in Pivotal 7000 is in lieu of the New Common Stock for purposes of the Plan, and no New Stockholders Agreement will be executed and no New Warrants or New Common Stock will be issued or distributed to First or Second Lien Lenders.

4. The Debtors' corporate and operational structure will remain intact after the Sale, such that TRC as a Reorganized Debtor will continue to be owned by Utah 7000 as a Reorganized Debtor, and Realty and Cabins as Reorganized Debtors will continue to be owned by Development as a Reorganized Debtor, and Alternative B of the Plan will be accomplished through Pivotal 7000's purchase of the New Parent Membership Interests of Reorganized Debtors Utah 7000, Development and Capital. New Subsidiary Membership Interests of TRC, Realty and Cabins will be issued to and held by Reorganized Debtors Utah 7000 and Development, respectively.

5. The Reorganized Debtors' Operating Agreements will constitute the Amended LLC Agreements under the Plan, and supersede the form attached to the Plan Supplement.

6. F. Francis Najafi, Trustee of the F. Francis Najafi Family Trust, will be deemed the NewCo "Director" and "Officer" for purposes of the Plan, and Pivotal 7000

8

will manage the Reorganized Debtors through Pivotal Group, Inc. Credit Suisse, as Plan Proponent, did not file an objection to the foregoing modifications to the Plan, but Credit Suisse as Plan Proponent, did not consent to the foregoing modifications to the Plan. The Court hereby finds that such Plan modifications constitute technical changes and/or changes that are not material, and that such changes do not adversely affect or change the treatment of any Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under Bankruptcy Code section 1125 or 1127(a) or re-solicitation of votes under Bankruptcy Code section 1126, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The Plan as so modified meets the requirements of Bankruptcy Code sections 1122 and 1123, and shall be deemed accepted by each holder of a Claim or Equity Interest who has previously voted to accept the Plan.

T.     All findings of fact and conclusions of law made by the Court at the Sale Hearing are incorporated herein.

U.     To the extent that these Findings of Fact constitute Conclusions of Law, they shall be deemed Conclusions of law.

## CONCLUSIONS OF LAW

A.     Based on the above Findings of Fact as well as those further set forth on the record, the Court enters the following Conclusions of Law:

1.     The Debtors have satisfied the applicable provisions of the Sale Procedures Order, the Confirmation Order, and the Bankruptcy Code, as set forth in the Sale Order.

2.     The Sale of New Parent Membership Interests in Reorganized Debtors Utah 7000, Development and Capital, and Indirectly the transfer of the Sale Assets and New Subsidiary Membership Interests in TRC, Realty and Cabins, to the Buyer pursuant to the terms and conditions of the Buyer APA is hereby approved.

485945v1

3. To the extent Bankruptcy Rule 6004(h) is applicable to the Sale, it is hereby waived.

4. To the extent that these Conclusions of Law constitute Findings of Fact, they shall be deemed Findings of Fact.

-------------------------------------- END OF DOCUMENT-------------------------------------------

10

485945v1